COPE, Judge
(dissenting).
The trial court granted a judgment of foreclosure and appellant filed a timely mo *516 tion for rehearing. Appellant filed a petition in bankruptcy, which was later dismissed. The foreclosure sale was rescheduled and the property was sold, without the trial court having ruled on the motion for rehearing.
The effect of the petition in bankruptcy was to impose a stay of the foreclosure proceeding, 11 U.S.C. § 362 (1978), which stay dissolved when the bankruptcy petition was dismissed. At that time the foreclosure proceeding remained in the same status it had occupied prior to the bankruptcy stay. At the time of entry of the stay, there was an undisposed-of motion for rehearing. Since the effect of the motion for rehearing was to suspend rendition of the judgment, Fla.R.App.P. 9.020(g); Fla.R.Civ.P. 1.550; Wollman v. Levy, 489 So.2d 1239 (Fla. 3d DCA 1986), the foreclosure judgment could not become final until the motion for rehearing was disposed of. I would therefore reverse. I concur with the majority that there is no merit to appellant’s other contentions.